Joseph A. Cox, S.
In this proceeding to settle the intermediate account of trustees, the trustees are permitted to resign and the court will appoint the person designated as substituted trustee upon his duly qualifying.
The. special guardian asks for a construction of the will with respect to paragraph Fifth thereof. This paragraph authorizes invasion of principal for the benefit of the income beneficiary in the absolute discretion of the trustees, the aggregate of such payments not to exceed one half of the corpus of the trust. The direction of the will is that ‘ ‘ no interest shall be charged on such advances ” and the special guardian contends that, by reason of the. quoted text, the trustees are authorized to make loans and *477 not outright payments to the beneficiary. The will in Matter of Kohlman (60 N. Y. S. 2d 556) contained language practically identical to that in the instant will. There the Surrogate held that the trustees could properly exercise their discretion in making payments from principal to the income beneficiary and that a provision reading “ no interest shall be charged upon any advances made ’ ’ did not restrict such payments to loans. The Surrogate stated (p. 599): “Except for the last sentence
quoted there could be no dispute that the payments were to be outright payments. The only ambiguity in deceased’s formulation of his plan for his wife’s comfort arises from the final sentence. Having in mind the concern expressed by deceased for his wife the court should not construe the quoted text as envisaging a plan by which she was to be permitted merely to borrow principal. If any such thought were to be read into this text it would mean that deceased left his widow a purely illusory right to borrow from the principal of the trust,— a right which would at once expose her to the hazard of suspension of her future trust income and to the further hazard of suit by the trustees to recover the advance. When such possibilities are set down and contrasted with the tenor of this will it is apparent that the court would depart from the spirit and from its text if it did other than rule that the payments envisaged by deceased are payments to his widow outright. It is not necessary to disregard the last sentence. It can be treated as a most awkward way of saying that his wife had liability neither for interest nor for principal. If the sentence does not mean this then it negates the whole plan otherwise of the will or lacks any meaning.” The court holds that the advances made herein were authorized by the will as outright payments but, since the trustees have reached the limitation stated in the will, no further advances can be made.